RECEIVED & FILED

FEB 2 1 2003

ANDROSCOGGIN
SUPERIOR COURT

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-02-009
EAG - AND - 2/21/2003

STEPHEN R. BROOKS,
Petitioner,

v.

**ORDER ON APPEAL**

STATE OF MAINE DEPARTMENT OF HUMAN SERVICES,
Respondent.

DONALD L. GARBRECHT
LAW LIBRARY

FEB 26 2003

## BACKGROUND AND PROCEDURAL HISTORY

Stephen Brooks is the father of three children; the child involved in this controversy is Robyn L. Tuttle, born 9-22-88. Pursuant to an Administrative Order issued after hearing by DHS in 1996, Mr. Brooks was required to pay $33.00 per week for Robyn's support, and was ordered to maintain health insurance for her. However, Mr. Brooks never obtained insurance for Robyn, and DHS never enforced that portion of the Order. In 2000, when Robyn turned 12, that weekly obligation increased to $41.00. That Order did take into account Mr. Brooks' obligation to pay support for his other children.

In 2001, DHS notified Mr. Brooks that it intended to increase his support obligation for Robyn to $54.00 and intended to enforce the requirement that he maintain health insurance for Robyn. Mr. Brooks appealed that decision, and the dispute was heard on February 27, 2002. At that Hearing, Mr. Brooks argued that, because health insurance would cost $42 per week, and his support obligation was less than that amount, the cost of the insurance was not reasonable. After considering the arguments presented, the Hearing Officer denied Mr. Brooks' appeal.

Mr. Brooks filed an appeal to the Superior Court from the decision of the Hearing Officer. In the "brief" he filed with the court, he presented the same information and the same arguments he had presented to the Hearing Officer.

## DISCUSSION

In considering Mr. Brooks' appeal, the court must determine whether the Hearing Officer abused his discretion, committed an error of law, or made findings of fact not supported by substantial evidence in the record. The appellant - Mr. Brooks - has the burden of establishing that one of these three things occurred. He has done so.

In his decision, the Hearing Officer made several findings of fact concerning the support obligation. Each of those findings is supported by competent evidence in the record. However, his finding that a weekly medical insurance premium that exceeds the support ordered is reasonable is not supported by the record, and is an abuse of discretion. Mr. Brooks' level of income allows him to receive Medicaid for the children who live with him. It makes no sense to find that he can afford to pay for health insurance for this child.

This court finds that Mr. Brooks has sustained his burden on appeal. That portion of the administrative order that requires Mr. Brooks to maintain health insurance for his daughter is vacated. The weekly support obligation is affirmed.

## ORDER

For the reasons stated above, the Hearing Officer's decision of April 3, 2002 is vacated in part and affirmed in part.

This Order is to be incorporated into the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED:

_____
Ellen A. Gorman
Justice, Maine Superior Court

2

Date Filed <u>May 1, 2002</u>     <u>ANDROSCOGGIN</u>     Docket No. <u>AP-02-09</u>
County

Action <u>80C APPEAL - Child Support</u>

STEPHEN BROOKS                         DEPARTMENT OF HUMAN SERVICES
~~P.O. Box 42~~
~~Lewiston, ME 04243~~
APT 41G Garden Heights Circle
Sabattus, ME 04280

                                vs.

| Plaintiff's Attorney | Defendant's Attorney Kelly L. Turner, AAG |
|---|---|
| Pro Se | ~~Robert M. Laskey, AAG BAR #8457~~ ~~Raymond E. Ritchie, AAG~~ OFFICE OF THE ATTORNEY GENERAL 6 State House Station Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| **2002** **May 3:** | Received 5-1-02. Notice of Appeal Filed. I Stephen Brooks, wish to appeal the decision of September 25, 2001, made by the Department of Human Services. (Filing fee paid. ($100.00)) |
| **May 13:** | Received 5-9-02. Summary Sheet, filed. Copy of Decision After Hearing of Department of Human Services, filed. |
| **May 20:** | Received 9-12-02. Notice of acceptance of service by D.H.S. (unable to make out signature name) on 9-12-02, filed. |
| **Sept. 26:** | Received 9-25-02. Defendant's Motion to Dismiss, filed. |
| **" "** | Proposed Order, filed. |
| **Sept. 30:** | Received 9-27-02. Plaintiff's Objection to Defendant's Motion to Dismiss, with attachments, filed. |
| **Oct. 15:** | On 10-10-02. As to Defendant's Motion to Dismiss: (Delahanty, II, J.) Motion to Dismiss is denied. copies mailed 10-15-02 to Stephen Brooks and Raymond E. Ritchie, AAG. |
| **Nov. 13:** | On 11-12-02. State had 30 days to file record after J. Delahanty's order. State shall do so immediately. (Gorman, J.) (did not mail copies as Record filed on 11-12-02.) |
| **Nov. 14:** | Received 11-13-02. Certification of Record, filed. |
| **" "** | On 11-14-02. Notice and Briefing Schedule (80C Appeal of Final Agency Action mailed |